United States District Court
Southern District of Texas
**ENTERED**
March 29, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICAH A. BRACK, <br> TDCJ # 02033940, <br><br> Petitioner, <br><br> VS. <br><br> BOBBY LUMPKIN, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 4:20-4246 |

## MEMORANDUM OPINION AND ORDER

Petitioner Micah A. Brack, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a disciplinary proceeding. Petitioner proceeds *pro se*. Respondent filed a motion for summary judgment (Dkt. 6), along with relevant documents and audio recordings (Dkt. 7, Dkt. 8). Brack filed a response (Dkt. 9). After reviewing the petition, the motion and briefing, the applicable law, and all matters of record, the Court concludes that summary judgment should be **GRANTED** for Respondent and that the habeas petition should be dismissed. The Court's reasons are explained below.

## I.   BACKGROUND

Brack was sentenced to 20 years in TDCJ for possession of a controlled substance with intent to deliver, Case No. 1444236, 232nd Judicial District Court for Harris County (Dkt. 1, at 2; Dkt. 6-2, at 3). The parties agree that Brack is eligible for release on mandatory supervision (Dkt. 1, at 5; Dkt. 6-2 at 3). In his pending federal habeas petition,

Brack does not challenge his conviction or sentence. Rather, he seeks relief from a disciplinary conviction for soliciting money, Case No. 20200221905, at the Stringfellow Unit (Dkt. 1, at 5-6).

On July 7, 2020, officials notified Brack that he had been charged in Case No. 20200221905 with soliciting money from Samantha Bering on June 25, 2020, for the benefit of an unknown person (Dkt. 7-2, at 3). At a hearing July 10, 2020, Brack pleaded not guilty and stated that the $100 at issue in the case was "the same $100" at issue in another disciplinary case, Case 20200198984 (*id.*). He also stated that the charges were "not true" and "did not happen" and that he never asked Bering "to send money to anyone" (*id.* at 3, 5). An offense report from the charging officer, Sergeant W. Ward, stated that he was monitoring phone calls made by Brack and heard Brack instruct Bering "to call Brandy [Dean] and get $100 sent to a cash app for 'Jason'" (*id.* at 4).[1] On cross-examination, Ward stated the $100 in the case was "not the same" as the $100 for which Brack had already been charged (Dkt. 7-2, at 10). The disciplinary hearing officer, Captain Jones, entered Ward's report and audio CDs of the phone calls into evidence. Jones found Brack guilty and imposed penalties including the loss of 45 days of previously earned good-time credits, 45 days of recreation privileges, and 60 days of commissary privileges, in addition to

---

[1] Ward prepared a memorandum on June 25, 2020, stating that another inmate, Robert Dean, had called Brandy Dean on February 21, 2020, telling her someone will call for "Jason" regarding sending $100 on a cash app; that Brack called Bering on February 28, 2020, telling her to call his aunt, Brandy Dean, and tell her Jason wanted her to send $100 through a cash app; that Brack called Bering later on February 28, 2020, and she told him it was done; and that Dean called Brandy Dean on March 1, 2020 and confirmed that Brandy Dean had sent $100 after Bering called (Dkt. *id.* at 6; *see* Dkt. 8 (audio of recorded phone calls)).

2 / 11

reduction of Brack's line-class status (*id.* at 3). Brack's conviction was upheld through both steps of TDCJ's administrative grievance procedure (Dkt. 1, at 5-6; Dkt. 7-1).

In this federal petition, Brack claims that the evidence was insufficient to support his conviction; that he was placed in double jeopardy in violation of his constitutional rights; that he was not afforded due process because he was not allowed to call witnesses or present evidence in his defense; that his counsel substitute refused to assist him with his administrative appeal; and that TDCJ violated its policies during the appeal (Dkt. 1, at 6-8). As relief for his claims, he seeks reversal of all penalties, including reinstatement of his good-time credits (*id.* at 7). Respondent argues that Brack's claims are not fully exhausted, that some punishments imposed against Brack do not implicate the Due Process Clause, and that the loss of previously earned good-time credit did not violate his due process rights.

## II. <u>LEGAL STANDARDS</u>

### A. *Pro Se* Pleadings

Federal courts do not hold *pro se* habeas petitions "to the same stringent and rigorous standards as . . . pleadings filed by lawyers." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (cleaned up). "The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction." *Id.*

### B. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Id*. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id*. In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (cleaned up).

### III.  ANALYSIS

#### A.  Prison Disciplinary Proceedings

The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a); *Brecht v. Abrahamson,* 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness") (cleaned up). To prevail, a habeas corpus petitioner must establish a constitutional violation.

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin,* 515 U.S. at 487. *See Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995). A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

**B.    Exhaustion**

Respondent moves for summary judgment on Claims 2 and 4 arguing that Brack failed to properly exhaust his administrative remedies for the claims at both stages of the administrative grievance process. *See* Dkt. 7-1; *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995) (under 28 U.S.C. § 2254(b), a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief"). Respondent argues that the claims are procedurally defaulted and therefore barred on federal habeas. The Court need

not address this issue because, as discussed below, Brack's habeas claims fail on the merits.

### C. Line-Class Status and Loss of Privileges

Brack's punishment in Case No. 20200221905 included the loss of privileges and reduced line-class status. The Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Reductions in a prisoner's classification, which can have a potential impact on the prisoner's ability to earn good-time credit, also are too attenuated to be protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Because these sanctions do not implicate a protected liberty interest, Brack is not entitled to habeas corpus relief from them.

### D. Good-Time Credits

Because Brack is eligible for mandatory supervision, he is entitled to procedural protections to ensure that the "state-created right [to good time-credits] is not arbitrarily abrogated." *Madison,* 104 F.3d at 768; *see Teague v. Quarterman,* 482 F.3d 769, 775-76 (5th Cir. 2007); *Malchi,* 211 F.3d at 957-58. The Supreme Court has recognized that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Wolff*, 418 U.S. at 561. Because prison disciplinary hearings are "not part of a criminal prosecution," "the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556 (citing *Morrissey v. Brewer,* 408 U.S. 471, 488 (1972)). The minimum amount of procedural due process required for prison inmates under these

circumstances includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *See id.* at 563-67. To merit habeas relief, a prisoner must show not only that he was denied these procedural protections, but also that he was prejudiced by the constitutional violation. *Banuelos v. McFarland*, 41 F.3d 232, 234–35 (5th Cir. 1995); *Smith v. Johnson*, 774 F. App'x 256 (5th Cir. 2019).

In this case, Brack does not contest that he received sufficient notice of the hearing or that he was provided a written statement supporting the conviction. He alleges, however, that the hearing officer violated his rights when he denied Brack's request to call Bering as a witness because Bering was a "co-offender" (Dkt. 9, at 6). The Court need not address Brack's argument that the hearing officer's reason for the denial was insufficient.[2] Even assuming that the denial violated Brack's right to procedural due process, Brack also must demonstrate that he was prejudiced by the officer's denial of his request to call Bering. *See Smith*, 774 F. App'x at 256. However, he provides no facts regarding what testimony Bering might have offered or other facts that could show that he was prejudiced. His claim that the officer denied his request to present documentary evidence fails for the same

---

[2] Brack protests that the officer's reason was insufficient to deny Bering's testimony and, furthermore, that the hearing officer did not state or demonstrate that Bering would have jeopardized the safety or security of the institution (*id*. at 8-9; *see id*. at 16 (excerpt of TDCJ handbook states that offenders may call witnesses unless the hearing officer decides that the testimony is likely to jeopardize the life or safety of persons or the security and order of the institution)).

reason. He therefore fails to show that he is entitled to habeas relief.

Brack also claims that the evidence against him was insufficient to support the conviction. Disciplinary sanctions imposed by prison officials must be supported by "some evidence" to be consistent with due process. *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009); *Broussard v. Johnson,* 253 F.3d 874, 876-77 (5th Cir. 2001). "The goal of this standard—variously a 'modicum of evidence,' 'any evidence,' or 'some evidence'— is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens." *Hudson v. Johnson,* 242 F.3d 534, 536 (5th Cir. 2001). Therefore, a habeas court will not disturb the findings of a prison disciplinary hearing "unless they are arbitrary and capricious." *Banuelos,* 41 F.3d at 234. Additionally, habeas courts "do not assess the weight of the evidence" when reviewing prison disciplinary proceedings. *Hudson,* 242 F.3d at 537.

In this case, the offense report, officer's testimony, and audio recordings are more than sufficient to supply a "modicum of evidence" supporting Brack's disciplinary conviction. *See Hudson*, 242 F.3d at 536-37. The record contained evidence that Brack placed phone calls to Brandy Dean telling her someone would call her about sending $100 on a cash app; that Brack called Bering about a week later and instructed her to call Brandy Dean about the $100; and that Bering later told Brack it was done. This Court may not weigh the evidence. *See Hudson*, 242 F.3d at 537.

Brack's claim that his counsel substitute provided ineffective assistance does not warrant relief because the Fifth Circuit has held repeatedly that "there is no constitutionally

protected right to counsel substitute in a disciplinary proceeding." *Morgan*, 570 F.3d at 668. His double-jeopardy claim also fails because prison disciplinary hearings are not criminal proceedings and do not implicate double jeopardy concerns. *See Wolff*, 418 U.S. at 556; *Sanchez v. Allen*, 611 F. App'x 792, 796 (5th Cir. 2015). Finally, his claim that TDCJ failed to follow its own policy during the disciplinary proceeding or appeal does not raise a federal constitutional issue without a showing from the petitioner that minimum constitutional standards were not satisfied. *Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021), *cert. denied sub nom. Butler v. Porter*, 142 S. Ct. 766 (2022). As discussed above, Brack has not made that showing.

Brack has not demonstrated that he was denied due process or that the challenged disciplinary conviction fails for lack of sufficient evidence. Therefore, Respondent is entitled to summary judgment and the petition must be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the record and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.     CONCLUSION

For the reasons stated above the Court **ORDERS** that:

1. Respondent's motion for summary judgment (Dkt. 6) is **GRANTED**.

2. The petition for a writ of habeas corpus is **DENIED** and this case is **DISMISSED with prejudice**.

3.   A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on _____March 29, 2022_____, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE